HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLUMBIA MACHINE, INC., a Washington corporation,<br><br>                  Plaintiff,<br><br>   v.<br><br>BESSER COMPANY, a Michigan corporation,<br><br>                  Defendant. | No.10:05667-RBL<br><br>ORDER ON PLAINTIFF'S MOTION TO STRIKE AND TO COMPEL [Dkt. #22]. |

THIS MATTER comes before the Court on Plaintiff Columbia Machine's Motion to Strike Defendant Besser Company's Noncompliant Local Patent Rule 121 Disclosures and to Compel Compliant Disclosures. [Dkt. #22]. Plaintiff moves to strike what it claims are noncompliant disclosures filed by Defendant and moves to compel compliant disclosures. Defendant claims that its disclosures are compliant with LPR 121.

## I. FACTS

Plaintiff Columbia sued Defendant Besser for allegedly infringing Columbia's patents on methods and apparatuses for forming concrete products. Plaintiff alleges that Besser infringed on three of Columbia's patents with its SERVOPAC machine. Besser claims that it did not infringe on the asserted patents, and that the asserted patents are invalid.

ORDER - 1

Pursuant to Local Patent Rule (LPR) 121, Defendant Besser served its "Preliminary Non-Infringement and Invalidity Contentions" on March 17, 2011. Plaintiff Columbia filed this Motion to strike the contentions and to compel contentions compliant with LPR 121. [Dkt. #22]. Besser filed revised contentions on May 10, 2011. [Dkt. #31]. Columbia's reply acknowledged that these revised contentions were "noticeably more compliant." [Dkt. #32, at p. 2]. However, Columbia contends that the revised contentions are insufficient and ought to be stricken, and that Besser should be compelled to file compliant contentions. Besser responds that its contentions are compliant with LPR 121.

## II. DISCUSSION

Under Local Patent Rule 121, each party opposing a claim of patent infringement must serve its "Non-Infringement and Invalidity Contentions,'" which specifically outline the party's position on the claimed infringement:

> (a) For each Asserted Claim against that party, a chart stating whether the party admits that that element is present in the Accused Device or contends that it is absent from the Accused Device . . . (b) Each item of prior art that allegedly anticipates each Asserted Claim or renders it obvious . . . (c) Whether each item of prior art anticipates each Asserted Claim or renders it obvious . . . [and] (d) A chart identifying where specifically in each alleged item of prior art each element of each Asserted Claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

LPR 121.

Besser's revised contentions, on the whole, meet these requirements. Columbia concedes that the revised contentions are superior to the initial one, and it is not disputable that the contentions are intended to be "preliminary." As Besser points out, its contentions may well evolve as discovery proceeds. Besser's revised contentions are in largely in compliance with this rule.

Columbia identifies five patents and three machines in Besser's revised contentions which are not described in a chart specifically identifying where each element of each asserted claim is found, as is required under LPR 121(d). Columbia's Motion to Compel such a chart is GRANTED, and Besser shall provide revised contentions reflecting those machines as required, within 7 days of this order. Failure to do so will result in the striking of these machines from Besser's contentions.

Columbia's request to strike the machines Besser claims as prior art is denied. Columbia's request for fees is DENIED.

**IT IS SO ORDERED.**

Dated this 7th day of July, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE