**The Honorable J. Richard Creatura**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| COLUMBIA MACHINE, INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BESSER COMPANY, a Michigan corporation,<br>　　　　　Defendant. | Case No.: 3:10-cv-05667-RBL<br><br>**ORDER RE: PLAINTIFF COLUMBIA MACHINE, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR REASONABLE COSTS** |

　　　　Plaintiff's Motion to Compel Discovery Responses and for Reasonable Costs (ECF No. 76) has been referred to this Court (ECF Nos. 50, 82).

　　　　This Court has reviewed plaintiff's motion (ECF No. 76), the Declaration of Delphina S. Homen (ECF No. 77), Defendant's Response (ECF No. 93), the Declaration and Supplemental Declaration of Paul Beattie (ECF Nos. 94, 101), Plaintiff's Reply (ECF No. 102) and Supplemental Declaration of Delfina S. Homen in Reply (ECF No. 103).

　　　　This is plaintiff's second motion to compel responses to requests for production that were propounded to defendant on January 27, 2011 (ECF No. 77, Ex. A). Plaintiff's first motion to compel (ECF No. 37) was filed, in part, because the parties were unable to agree on a proposed protective order. The Court entered a Protective Order on July 11, 2011.

Order on Plaintiff's Motion to Compel - 1

1    Thereafter, on July 18, 2011, this Court entered an Order Granting, in Part, Plaintiff's Motion to Compel Discovery Responses (ECF No. 51). That Order required defendant to supplement responses no later than Monday, July 25, 2011 at 5:00 p.m. The Court further ordered that if defendant wished to assert any other objections to the production of documents, the defendant was required to file a response no later than July 27, 2011 at 5:00 p.m. (ECF No. 51). Defendant failed to comply with this Order and failed to produce any additional responses by the time ordered. Instead, on July 25, 2011, defendant filed a motion requesting more time to supplement discovery (ECF No. 54). Further, defendant failed to assert any objections to production as ordered by the Court (ECF No. 58).

This Court issued a second order granting plaintiff's motion to compel and denying defendant's motion requesting additional time (ECF No. 58). Unfortunately, this Court did not specify a deadline for defendant to comply with this second order. The order was entered on August 8, 2011. It has now been over four (4) months, and defendant has still not complied with the order in many material respects.

Instead, on November 15, 2011, over three (3) months after the Court issued its second order, defendant revised its responses plaintiff's first requests for production, including some, but not all, responsive documents and asserting new objections. See ECF No. 103, Ex. A (highlighted objections). Not only were these objections untimely, as they were asserted ten (10) months late, but they were also submitted for the first time three (3) months after the Court had ordered defendant to identify objections (ECF No. 58). This is unacceptable. The Court finds that defendant's failure to comply with this Court's previous orders is not substantially justified.

Federal Rule of Civil Procedure 37(b) provides for sanctions due to failure to comply with a court order. Sanctions may include, but is not limited to, the following:

    (i)    Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as   the prevailing party claims;

    (ii)      prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)     striking pleadings in whole or in part;

    (iv)     staying further proceedings until the order is obeyed;

    (v)      dismissing the action or proceeding in whole or in part;

    (vi)     rendering a default judgment against the disobedient party; or

    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination

Fed. R. Civ. P. 37(b)(2)(A)i through vii.

The Rule also provides for payment of expenses by the disobedient party:

(C)    *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make the award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

While the Court recognizes that discovery issues can be complex, defendant has shown no good reason to delay producing documents or asserting objections in a timely matter. At a minimum, defendant has waived any objections to the requests for production. This waiver will apply to all of the propounded requests, except as provided below.

Defendant filed a Motion for Protective Order on December 8, 2011 (ECF No. 99). That motion apparently challenges plaintiff's requests for production numbers 6, 10, 13, 17 and 29. Id. Plaintiff asserts that it has not had time to address the arguments raised in that motion for protective order (ECF No. 103, pg. 3).

Therefore, except for requests for production 6, 10, 13, 17 and 29, defendant shall provide full and complete responses, without objection, to plaintiff's remaining requests no later than January 6, 2012 at 5:00 p.m. or indicate by the same date and time that after diligent search

Order on Plaintiff's Motion to Compel - 3

1  no responsive documents exist.  Defendant may designate any such documents confidential, if
2  appropriate, and in accordance with the previously entered Protective Order (ECF No. 46).
3        Pursuant to Fed. R. Civ. P. 37(b)(2)(C), defendant will be required to pay plaintiff's
4  reasonable expenses, including attorneys' fees caused by defendant's failure to comply with the
5  Court's Order.  No later than January 6, 2012 at 5:00 p.m., plaintiff shall submit a declaration of
6  counsel setting forth attorneys' fees and costs necessarily incurred by plaintiff because of this
7  motion and plaintiff's previous motion to compel.  Defendant may respond to this declaration no
8  later than January 13, 2012 at 5:00 p.m.
9        DATED this 14th day of December, 2011.

                */s/ J. Richard Creatura*
                J. Richard Creatura
                United States Magistrate Judge