**The Honorable J. Richard Creatura**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| COLUMBIA MACHINE, INC., a Washington corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BESSER COMPANY, a Michigan corporation,<br>　　　　Defendant. | Case No.: 3:10-cv-05667-RBL<br><br>**ORDER ON DEFENDANT BESSER'S MOTION FOR A PROTECTIVE ORDER** |

Defendant's Motion for a Protective Order (ECF No. 99) has been referred to this Court (ECF Nos. 50, 104).

This Court has reviewed defendant's motion (ECF No. 99), the declaration of Paul Beattie in support of the motion (ECF No. 100), plaintiff's response to the motion for protective order (ECF No. 106), the declaration of Delfina S. Homen in opposition to defendant's motion for protective order (ECF No. 107), and defendant's reply[1] (ECF No. 108).

Defendant raises three broad issues claiming that certain information plaintiff seeks in discovery is "highly sensitive, confidential, trade secret, and/or irrelevant discovery." (ECF No. 99, pg. 1):

　　(1) Technical information concerning the entirety of Besser's SERVOPAC machine;

---

[1] Defendant's "reply" largely addresses issues regarding the Court's previous order granting, in part, plaintiff's motion to compel (ECF No. 105). Those issues, to the extent defendant wishes to argue them, should properly be addressed, if necessary, in a motion for reconsideration and will not be discussed further here.

Order on Defendant's Motion for Protective Order - 1

      (2) The identity of the six customers who purchased the SERVOPAC; and

      (3) Besser's general financial information.

Id.

While defendant has not specifically identified plaintiff's requests for production related to these issues, and instead cited "examples" of discovery requests, the Court has attempted, when possible, to place these issues in the context of specific requests for production.

Fed. R. Civ. P. 26(c) provides the standard for granting a motion for protective order. It provides, in part, as follows:

> **1. *In General.*** A party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>     (A)    Forbidding the disclosure or discovery;
>
>     (B)    Specifying terms, including time and place, for disclosure or discovery;
>
>     (C)    Prescribing a discovery method other than the one selected by the party seeking discovery;
>
>     (D)    Forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
>     (E)    Designating the persons who may be present while discovery is conducted;
>
>     (F)    Requiring that a deposition be sealed and opened only on court order;
>
>     (G)    Requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
>     (H)    Requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Defendant correctly points out that Fed. R. Civ. P. 26(b)(1) provides that discovery is limited to "claims and defenses." Plaintiff correctly points out that Fed. R. Civ. P. 26 still allows for broad discovery, and that the dividing line between information relevant to claims and defenses and information relevant only to the subject matter of the action cannot be defined with precision (ECF No. 106, pg. 3; Fed. R. Civ. P. 26 (Notes)). The Rule states, in part, that "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Therefore, this Court is called upon to order discovery that is legitimately designed to obtain information that may be relevant to "claims and defenses," while still taking whatever appropriate steps may be necessary to avoid unnecessary or oppressive discovery.

1. TECHNICAL INFORMATION CONCERNING THE ENTIRETY OF BESSER'S SERVOPAC MACHINE.

It appears that defendant is objecting to the following four (4) requests for production submitted by plaintiff:

REQUEST NO. 6

All documents and things which refer to, discuss, relate to, evidence, reflect, or constitute comparisons or analyses between products made, used, or sold by Plaintiff and Defendant.

REQUEST NO. 10

All documents and things that relate to, pertain to, discuss, or otherwise refer to or indicate Defendant's thoughts, reactions, responses, beliefs, ideas, assumptions, comments or opinions relating to Plaintiff generally or relating specifically to any of Plaintiffs machines or to any of Plaintiffs patents or other intellectual property rights relevant to the present dispute.

REQUEST NO. 11[2]

---

[2] In this Court's previous order (ECF No. 105), this Court reserved ruling on requests for production 6, 10, 13, 17 and 29. Although plaintiff's request for production no. 11 was not specifically referred to in defendant's motion for a protective order, it was referred to in defendant's reply to the motion to compel (ECF No. 108, pg. 2) and involves similar issues. Therefore, this Order applies to request for production number 11, as well.

Order on Defendant's Motion for Protective Order - 3

> All documents and things that relate to, pertain to, discuss, refer to, or otherwise indicate Defendant's information, belief, assumption, knowledge, or awareness of Plaintiff's patent rights, including patent applications, for Plaintiff's machines.

REQUEST NO. 13

> All documents and things that relate to, pertains to, evidence, or otherwise indicate or refer to conversations, correspondence, or other communications regarding Plaintiff, regarding any of Plaintiffs patents, regarding licensing discussions with Plaintiff, regarding any of Plaintiff's machines or parts thereof, or relating to the scope, enforcement, resistance, or avoidance of any of Plaintiff's intellectual property rights.

Plaintiff's Amended Complaint alleges direct and indirect infringement of three patents by the SERVOPAC machine (ECF No. 36, ¶¶ 12-17). Although defendant argues that these claims relate to relatively insignificant portions of the machine, plaintiff disputes that conclusion (*compare* ECF No. 99, pg. 3 *with* ECF 106, pgs. 3-6). This Court cannot, and should not, resolve that issue before reasonable discovery is completed. Plaintiff has the right to pursue that discovery. Therefore, discovery should not be limited to particular parts of the machine, but rather to the SERVOPAC machine, in its entirety.

Plaintiff states in its response that it does not seek discovery of unrelated, unaccused products or services of defendant, but rather is limiting its discovery to the SERVOPAC machine (ECF No. 106, pg. 4). Nevertheless, plaintiff's requests for production of documents is not limited to SERVOPAC and, instead, refers to any of the defendant's products, patents or other intellectual property rights (<u>see</u> plaintiff's requests for production nos. 6, 10). This is too broad.

Therefore, this Court ORDERS that defendant produce documents in response to plaintiff's requests for production 6, 10, 11 and 13 as they may relate specifically to the SERVOPAC machine. Defendant's motion for a protective order as to any other products, patents, intellectual property rights or services is GRANTED.

The Court is cognizant of defendant's argument that some of this information may be "highly confidential and proprietary." Defendant has failed to produce any information, other

than speculative conclusions by defendant's counsel, that plaintiff intends to use this information inappropriately.  The Court notes that defendant retains the option of producing some or all of the disputed documents subject to the Stipulated Protective Order that was entered by this Court in July of 2011 (ECF No. 46).  The Court assumes that all parties will comply with the terms of that Order and any inappropriate use of documents produced subject to the Protective Order may subject the offending party to sanctions.  This Court has no reason to believe that this would be insufficient to protect defendant's proprietary interests.

2.      DISCOVERY OF DEFENDANT BESSER'S CLIENT IDENTITIES.

Request for production number 29 requests all documents related to defendant Besser's SERVOPAC customers.  Defendant has represented that it has had six sales of SERVOPAC since 2007 (ECF No. 78, Musch Decl., ¶3).  Defendant has been redacting the names of customers in documents that have been produced to date (ECF No. 90, Beatty Decl., ¶¶ 9, 18).  Defendant claims that this has been done because plaintiff intends to "harass those customers or attempt to poach them from Besser." (ECF No. 99, pg. 10.)  Defendant has submitted to evidence to substantiate this claim.

It should be noted that defendant's original response to this request for production was that the request was "overly broad" but agreed to produce relevant documents when a protective order was in place (ECF No. 77-2 at 19).  On November 15, 2011, after the protective order had been entered, defendant provided additional responses and added new objections claiming that defendant's "customer lists were also trade secrets and not relevant to the case."  Therefore, as previously ordered by this Court on similarly tardy objections, this objection is waived.

Although defendant's second objection is untimely, it is also substantively nonpersuasive. While customer lists may or may not be considered trade secrets, there is no reason to believe that this alleged "trade secret" cannot be adequately protected through the protective order that is currently in place.

1  Since plaintiff's allegations directly put at issue the indirect infringement by defendant's
2  customers (ECF No. 36, ¶¶ 12-17), information about defendant's customers and the customer's
3  use of the product is the proper subject of inquiry.  Therefore, defendant is ORDERED to
4  disclose the names of these six customers and any related documents relevant to plaintiff's
5  request for production.  Again, if appropriate, defendant may designate one or more of these
6  documents as subject to this Court's previous protective order.

7  3. DEFENDANT'S GENERAL FINANCIAL INFORMATION

8  Request for production number 17 seeks defendant's general financial information.
9  Defendant produced to plaintiff's counsel annual reports with the general financial information
10 redacted (ECF No. 99, pg. 11).  Defendant is a privately held company and defendant alleges that
11 its annual reports are confidential (id.).  Plaintiff claims that defendant's general financial
12 information was put at issue because defendant claimed that it was solvent and had insignificant
13 debt (ECF No. 106, pg. 9).  Without more, this is insufficient to demonstrate that such
14 information is relevant to any of the "claims or defenses."

15 The Court has reviewed plaintiff's Amended Complaint (ECF No. 36) and cannot find
16 that defendant's general financial condition is relevant or could lead to the discovery of relevant
17 evidence until and unless a judgment is rendered against defendant.  Without more, plaintiff has
18 not demonstrated the need for such information.  Defendant's motion for protective order
19 regarding disclosure of information about its general financial condition is GRANTED.

20 As a final matter, defendant argues that plaintiff's counsel should not be granted
21 privileges to view documents (ECF No. 99, pgs. 11-12).  Plaintiff's counsel has specifically
22 represented to this Court that they are not involved in plaintiff's patent procurement, portfolio
23 management, product design, or pricing (ECF No. 106, pg. 10).  Defendant has produced no
24 evidence that suggests plaintiff's attorneys would do anything inappropriate or in violation of a
25 court order.

1   Therefore, this Court DENIES defendant's motion for protective order to the extent that it
2   seeks to limit access to discovery documents by plaintiff's counsel.
3   DATED this 23rd day of December, 2011.

J. Richard Creatura
United States Magistrate Judge

Order on Defendant's Motion for Protective Order - 7